SO ORDERED.

Dated: October 27, 2022

Daniel P. Collins, Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **In Re:**<br><br>Win Big Development, LLC, an Arizona limited liability company,<br><br>Debtor. | Chapter 11<br><br>No. 2:20-bk-07495-DPC<br><br>**ORDER GRANTING DEBTOR'S MOTION TO APPROVE SALE OF 1205 AND 1215 E. DEVONSHIRE AVENUE**<br><br>(Doc. 184) |

On October 6, 2022, at 11:00 a.m., Debtor's Motion to Approve Sale of 1205 and 1215 E. Devonshire Avenue ("Motion to Approve Sale") came before the Court. Debtor's Motion to Approve Sale concerned the Purchase Contract entered into by Debtor to sell the twelve lots and common area which comprise 1205 and 1215 E. Devonshire Avenue to Glasair Capital Partners, LLC.

During the hearing, the Court inquired as to whether any interested parties were present who wished to submit a bid. The highest and best bid was submitted by Certainty REI, LLC, an Arizona limited liability company.

Therefore, the Court, having considered the statements and positions of the parties, including the objection filed by the United States Trustee, the responses thereto, and the arguments of counsel, and good cause appearing:

**FINDS AND CONCLUDES:**

(i) The sale of the real property at 1205 and 1215 E. Devonshire Avenue, Phoenix, Arizona, to the high bidder, Certainty REI, LLC, an Arizona limited liability company (the "Buyer"), is in the best interests of the estate;

(ii) The Buyer, as a third-party purchaser, qualifies for the protections of 11 U.S.C. § 363(m) and is a good faith purchaser; and

(iii) The objection submitted by the U.S. Trustee's Office was resolved through the terms of the sale order as modified below specifically in paragraphs 6, 12, and 13.

(iv) A prior objection submitted by secured creditor, D.O. Income Fund, LLC, when a previous purchase contract was before the Court for approval was overruled in view of Debtor's counsel's representation a sale contemplated by the purchase contract would be sufficient to satisfy this secured creditor in full. Debtor's counsel also represents the sale described herein will also be sufficient to satisfy this secured creditor in full.

**THEREFORE, IT IS ORDERED:**

1. The Motion to Approve Sale shall be and is approved.

2. Debtor is authorized to sell the real property commonly known as 1205 and 1215 E. Devonshire Avenue, Phoenix, Arizona, with APN numbers of 155-05-087 through 155-05-099, inclusive (the "Subject Real Property"), free and clear of liens pursuant to the terms set forth in the Motion to Approve Sale to which the Purchase Contract was attached thereto as Exhibit 1 and except as otherwise set forth herein.

3. The Purchase Contract, referenced above, is hereby amended to reflect the Buyer to be Certainty REI, LLC, and the purchase price to be $1,900,000.

4. The Purchase Contract, referenced above, is further amended to reflect the sale of the Subject Real Property to the Buyer is subject to the Buyer competing its due diligence and obtain financing within thirty (30) days of

the entry of this Order and to reflect closing of the sale shall occur no later than fifty one (51) days from entry of this Order.

5. Buyer is directed to transmit the $60,000 earnest money deposit due under the Purchase Contract to the escrow company, Thomas Title Agency, or such other title and escrow company as selected by the parties, no later than one day from the date it is provided notice of this Order.

6. The sale of the Subject Real Property to the Buyer as called for herein is conditioned on a portion of the sales price being allocated to pay (i) all outstanding United States Trustee's fees and (ii) the sum of $50,000 to unsecured creditors. These amounts shall be distributed and held in Debtor's Debtor-in-Possession account.

7. The Court approves the payment of escrow costs and other normal and customary costs of the sale, including any unpaid real property taxes, by the escrow company which will handle this transaction, Thomas Title Company, or such other title and escrow company as selected by the parties. No commission will be paid to any real estate broker.

8. No other distribution of the sales proceeds shall be made except in accordance with paragraph 6, above, for payment of outstanding United States Trustee fees. The escrow company shall retain the balance of the sales proceeds until an order is issued by this Court. Alternatively, if the escrow company declines to hold the balance of the sales proceeds, the escrow proceeds will be maintained in a separate Debtor-in-Possession account with the funds not to be released except pursuant to an order of this Court.

9. The balance of the sales proceeds will thereafter be retained by the escrow company, or in Debtor's separate Debtor-in-Possession account, until an order is issued by this Court which directs to whom of the secured lenders and/or other creditors holding a lien and/or other encumbrance against the

Subject Real Property shall receive a disbursement and the amount to be disbursed to each.

10. The secured creditors and/or other creditors holding a lien or encumbrance against the Subject Real Property shall, to the extent necessary, execute contemporaneously with closing on the Purchase Contract, or as soon as reasonably practicable thereafter as requested by the Buyer, any and all documents, releases, or instruments necessary to release, remove or terminate the liens or encumbrances which have been asserted against the Subject Real Property. All secured claims, interests, encumbrances, and Judgment Liens in or against the Subject Real Property shall attach to the net proceeds, arising from the sale of the Subject Real Property with the same force, validity, effect, priority, and enforceability as such claims had prior to such sale of the Subject Real Property. Any issues regarding the extent, validity, perfection, priority, and enforceability of such claims with respect to any net sales proceeds shall be determined by the Court upon proper application at a later date.

11. The proceeds presently retained by Debtor in a separate Debtor-in-Possession account, the insurance proceeds paid as a result of fire damage to the Subject Real Property, shall continue to be retained by Debtor until further order of this Court.

12. The Court hereby denies Debtor's request for waiver of the fourteen day stay period imposed by Federal Rules of Bankruptcy Procedure,

13. The Debtor shall bring current its filing of monthly operating reports by October 21, 2022. If it does not, the U.S. Trustee's Office may submit an order calling for this case to be converted to a Chapter 7 proceeding. If this matter is so converted for this or for any reason, this Order shall remain in full force and effect and the sale shall be conducted pursuant to the terms set forth herein.

14. In the event the transaction called for herein closes, the Debtor's counsel shall file a Report of Sale and shall also, within one week of its closing, contact counsel for the represented secured creditors to discuss procedures to propose to the court to address the issues of the priority of the secured liens and determination of the disbursement of the net sales proceeds.

DATED AND SIGNED ABOVE

Approved as to form and content:

s/ Richard Hundley
Richard Hundley
*Attorney for Win Big Development, LLC*

s/ James Csontos (with permission)
James Csontos
*Attorney for Logos Builders Southwest*

s/ Jody L. Broaddus (with permission)
Jody L. Broaddus
*Attorney for the Evelyn Howe Trust and the Larry Howe Trust*

s/ Robert Riether (with permission)
Robert Riether
*Attorney for D.O. Income Fund, LLC*

s/ Ed Bernatavicius (with permission)
Ed Bernatavicius, U.S. Trial Attorney
*U.S. Attorney's Office*

s/ Anthony Austin (with permission)
Anthony Austin
*Attorney for America's Specialty Finance Company*